## Wybrecht's Estate.

*Wills—Construction—Satisfaction and ademption.*

Where testator devised real estate, clear of all encumbrances, and directed his estate to pay any and all liens or encumbrances on the property so devised, and at the time the will was made he had already conveyed the real estate to the devisee, the gift of real estate fails of effect because there is nothing on which it can operate, and the direction to pay off encumbrances falls with it.

Exceptions to adjudication.    O. C. Phila. Co., April T., 1923, No. 1613.

The provisions of the will in question appear in the opinion of the court *in banc.*  In regard to the question considered, Judge GEST said in his adjudication as follows:

"The will is dated Dec. 11, 1919, and the testator had previously, on Jan. 6, 1915, conveyed premises No. 2510 North Lee Street, mentioned in the second paragraph of the will, to Adolph Schick and his wife, taking in part-payment their bond and mortgage of $1500, since reduced to $1300, which the testator held at the time of his death.   The question was submitted to the Auditing Judge whether this second paragraph of the will operated in satisfaction of the bond and mortgage.   I am of opinion that it does not.   The testator when he made his will in 1919 must have known that he held the bond and mortgage, and if he wanted to have it satisfied, he would naturally have said so.   The direction to pay off is only applicable to encumbrances held by another person.   Instead of adopting this obvious course, he undertakes to devise the premises in specie free of encumbrances.   Why he did this when he had already conveyed the same is hard to imagine.   Perhaps the will was copied in this respect from an earlier will antedating the conveyance, but one can only guess at the reason.   However, it seems clear that the direction to pay off encumbrances was predicated on the devise itself taking effect.   Even if the property had been conveyed after the will had been written, the purchase money mortgage would not have passed under the devise of the real estate:  Gibson's Estate, 22 Dist. R. 482;  57 Pa. Superior Ct. 283.   There would be an ademption, while here there was no real estate on which the devise could operate:  Blackstone *v.* Blackstone, 3 Watts, 335;  Colonial Trust Co. *v.* Homan, 29 Dist. R. 912."

*Arno P. Mowitz,* for attorney-in-fact for residuary legatees, contra exceptions filed but not argued.

VAN DUSEN, J., March 27, 1925.—Testator devised to Adolph P. Shick and wife premises No. 2510 North Lee Street, and further provided:  "Said property to be clear of all incumbrances and I hereby order and direct that my estate shall pay off any and all liens or incumbrances on said property at the time of my decease."   At the time the will was made the testator had already conveyed the premises to Adolph P. Shick and wife, taking in part-payment their bond and mortgage of $1500, since reduced to $1300, which he held at the time of his death.

Adolph P. Shick and wife were not represented at the audit, and the Auditing Judge directed that they be notified of the question which arose.   Exceptions were filed on their behalf, which were somewhat informal, but we understand the claim to be made in effect that they should be awarded the mortgage on their property as a sort of legacy.   We think the Auditing Judge was correct in refusing to do so.

The specific devise is adeemed, or, more exactly, fails of effect because at the date of the will there was nothing on which it could operate.   The direction to "pay off" the encumbrances must fall with it.   The whole plan of the testator

and the language which he used, are predicated on the property passing under the will. However much we may suppose that the testator would have directed the satisfaction of the mortgage if the correct circumstances had been present in his mind (or that of the scrivener), we can only go by what he said.

The exceptions are dismissed and the adjudication is confirmed absolutely. LAMORELLE, P. J., did not sit.